**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARMELITA CORPUZ FELISCO, | No.    14-71520 |
| Petitioner, | Agency No. A200-401-772 |
| v. | |
| JEFF B. SESSIONS, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Carmelita Corpuz Felisco, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's ("IJ") discretionary denial of adjustment of status and a

waiver of fraud or misrepresentation under 8 U.S.C. § 1182(i). Our jurisdiction is

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review de novo constitutional claims and questions of law.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Corpuz Felisco contends the agency violated due process in admitting, considering, and mischaracterizing evidence.  However, her alleged due process claims fail because she has not established error and prejudice.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (a valid due process claim in the removal context requires a showing of both "error and substantial prejudice").

The record does not support Corpuz Felisco's contention that the IJ revealed a personal bias against her such that she was denied a full and fair hearing.  *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) (allegations of bias were undermined by the IJ's professional behavior and the IJ's decision considered all issues raised by alien).

To the extent Corpuz Felisco contends the agency abused its discretion in denying adjustment of status and a waiver, we lack jurisdiction to review that discretionary determination.  *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

14-71520